**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DALE MACHALLECK, ) | |
| and JUANITA HERRON, ) | |
| on behalf of plaintiffs and the classes ) | |
| described herein, ) | |
| ) | 08 C 1340 |
| Plaintiff, ) | Judge Hart |
| ) | Magistrate Judge Valdez |
| vs. ) | |
| ) | |
| DATA SEARCH N.Y., INC. ) | |
| d/b/a TRAK AMERICA, LLC ) | |
| and TRAK AMERICA, and ) | |
| ELITE RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.   Plaintiffs Dale Machalleck and Juanita Herron bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Data Search N.Y., Inc. d/b/a Trak America, LLC and Trak America ("Trak America") and Elite Recovery Services, Inc. ("Elite"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**VENUE AND JURISDICTION**

2.   This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

§1331 and 28 U.S.C. §1337.

    3.    Venue and personal jurisdiction in this District are proper because:

        a.    Defendants' collection activities occurred within this District;

        b.    Defendants do or transact business within this District.

## PARTIES

    4.    Plaintiff Dale Machalleck is an individual who at one time resided in Lake County, Illinois.

    5.    Plaintiff Juanita Herron is an individual who resides in Cook County, Illinois.

    6.    Defendant Data Search N.Y., Inc. d/b/a Trak America, LLC or Trak America ("Trak America") is a New York corporation. Its principal place of business is located at 6851 Jericho Turnpike, Suite 190, Syosset, NY 11791.

    7.    Trak America has described its business activities on its web site (www.trakamerica.com) as follows:

> Welcome to the proven nationwide legal process that has recovered millions of dollars thought to be unrecoverable for the country's largest creditors and debt buyers.
>
> Step 1: Our FASTRAK predictive model determines with unparalleled accuracy exactly which accounts are worth pursuing.
>
> Step 2: Secure, streamlined and automated processes transmit suit worthy accounts to the right attorney quickly and efficiently.
>
> Step 3: The TRAKAmerica legal network—the best in the business—obtains your legally enforceable judgments.
>
> Step 4: Our in-house skip tracing experts facilitate execution on your judgments by identifying hard-to-find assets and collecting the money owed to you.

>Result: **Maximum net back for TRAKAmerica clients.**

>"TRAKAmerica recovered more than $27 million last quarter on warehouse paper we thought was uncollectible."

>— Publicly traded US credit card issuer

8.    The same web site further stated:

TRAKAmerica is a rapidly growing legal network management company founded in 2000. With its unique approach, the company has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts.

TRAKAmerica's unique advantage is the FASTRAK predictive model built on empirical data from more than one million claims and nearly $100 million in court costs in all fifty states. Combining FASTRAK with vigorous attorney management maximizes net back for TRAKAmerica's clients.

9.    The same web site further stated:

Disciplined Attorney Management

To keep our attorneys as productive as possible TRAKAmerica takes a hands-on approach. With over 125 firms nationwide in our network, TRAKAmerica treats legal management as a high volume production operation. We follow a streamlined management process to get your accounts into the courts faster.

From our database of more than a million claims we know exactly what to expect in terms of suit and judgment rates, and we manage our attorneys to these expectations. Overall performance is managed at the batch level and reviewed weekly. Work assignments are reviewed frequently and business shifts are made based on performance.

Because FASTRAK indicates which accounts to sue, we only forward productive accounts to our attorneys, with the cut-off calibrated by client to achieve individual client IRR and net back goals. As a result, our attorneys don't waste their time and your money on unproductive cases.

10.    The same web site further stated:

Step 2: Getting To Court Quickly and Efficiently

Once we've run your portfolio through our model and reviewed the net back projections, our TRAKAmerica team designs a complete recovery plan based on your requirements.

First, we prepare your portfolio for our attorney network by identifying suit worthy accounts and skip tracing them for accuracy (addresses, names etc.). As we verify information, we also attempt to collect from these accounts on your behalf.

As a legal network, we can use legal talk off language in these conversations, which often means debtors agree to a payment plan rather than face the legal process.

This immediately creates cash flow for you and also helps fund court costs on accounts that ultimately will go through the legal process.

Step 3: The TRAKAmerica Legal Network

On day 31, we electronically disburse your files to our network attorneys. They load your files into their systems and instantly send demand letters.

After the 30-day validation period expires, our attorneys sue those individuals who have not responded to their demand letters. Results are electronically posted and delivered to our offices each week.

It's an entirely transparent system for full accountability. Each week, our management team examines exception reports that reflect which accounts are still outstanding. The report includes:

- legal suit dates
- service dates
- court information
- judgment information (principle [sic] and interest)
- court costs
- attorney fees

> Our clients have the option of connecting electronically to our reporting system so they can check on the status of their portfolio at any time.
>
> Our collection firms also follow our no-fail data security measures, including firewall intrusion detection software, encryption, and stringent internal security control systems.
>
> Step 4: Collecting and Disbursing Your Money
>
> At this stage, our TRAKAmerica team has obtained judgments on your bad debt accounts. We dedicate our efforts and resources—including in-house skip tracing and asset location programs—to collecting the money owed to you.
>
> Skip and asset information is promptly supplied to our attorneys so they can devote their time to collecting from bank accounts, garnishing paychecks, and placing liens on properties.
>
> We are no longer requesting money from debtors—we are actively taking it. . . .

11.	The mails and interstate wire communications are used to conduct the business of Trak America.

12.	Trak America is a debt collector as defined in the FDCPA.

13.	Defendant Elite Recovery Services, Inc. is a limited liability company with offices at 266 Great Arrow Avenue, Buffalo, NY 14207.  It does business in Illinois.  Its registered agent and office are Lexis Document Solutions Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.

14.	Defendant Elite Recovery Services, Inc. is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumers.

15.	On information and belief, defendant Elite Recovery Services, Inc. pays less than ten cents on the dollar for the debts it purchases.

16.	Defendant Elite Recovery Services, Inc.  has been the plaintiff in more

than 1000 collection lawsuits in the Illinois courts.

17. Defendant Elite Recovery Services, Inc. uses the mails and interstate wire communications to collect debts.

18. Defendant Elite Recovery Services, Inc. is a debt collector as defined in the FDCPA.

19. Defendant Elite Recovery Services, Inc. is one of the companies that use the services of Trak America, described above.

### FACTS RELATING TO DALE MACHALLECK

20. On or about Dec. 4, 2007, a lawsuit was filed in the name of Elite Recovery Services, Inc. against Dale Machalleck in the Circuit Court of Cook County, Illinois, case no. 07 M1 220402, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

21. Elite Recovery Services, Inc. filed in the case an affidavit executed by one Lisa Kieseclar and notarized by one Anne M. Timberman (Exhibit A).

22. Exhibit A is a form affidavit regularly filed in collection actions brought in Illinois.

23. Both Kieseclar and Timberman were employees of Trak America when Exhibit A was executed.

24. Neither Kieseclar nor Timberman is an employee of Elite Recovery Services, Inc..

25. Employees of Trak America regularly executed affidavits similar to

6

Exhibit A as "agent" of Elite Recovery Services, Inc. and other owners of debts.

26. Contrary to the statements in the affidavit, employees of Trak America are not "competent to testify to the matters stated in the Complaint," do not have "personal knowledge" of accounts of Elite Recovery Services, Inc. or anyone else, and do not know whether "all just and lawful offsets, payments and credits have been allowed."

27. Exhibit A does not disclose the fact that the signatory is an employee of Trak America.

28. By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, Trak America, and appears to come from the alleged owner of the debt, Elite Recovery Services, Inc..

29. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

## FACTS RELATING TO JUANITA HERRON

30. On or about July 18, 2007, a lawsuit was filed in the name of Elite Recovery Services, Inc. against Juanita Herron in the Circuit Court of Cook County, Illinois, case no. 07 M1 171426, for the purpose of collecting a purported debt incurred for personal, family or household purposes.

31. Elite Recovery Services, Inc. filed in the case an affidavit executed by one Terry Kulbaba and notarized by one Alisa Tetro (Exhibit B).

32. Exhibit B is a form affidavit regularly filed in collection actions brought in Illinois.

33. Both Kulbaba and Tetro were employees of Trak America when Exhibit B was executed.

34. Neither Kulbaba nor Tetro is an employee of Elite Recovery Services, Inc..

35. Employees of Trak America regularly executed affidavits similar to Exhibit B as "agent" of Elite Recovery Services, Inc. and other owners of debts.

36. Contrary to the statements in the affidavit, employees of Trak America are not competent to"testify at trial as to all facts pertaining to this matter," or "qualified to make this Affidavit," do not have access to records of Elite, and do not know whether "all offsets and credits" leave a balance due in the amount claimed.

37. Exhibit B does not disclose the fact that the signatory is an employee of Trak America.

38. By describing the affiant as an "agent" of the putative debt owner, without identification of the company for which the affiant works, Exhibit B conceals the identity of the business preparing the document, Trak America, and appears to come from the alleged owner of the debt, Elite Recovery Services, Inc.

39. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit B.

## VIOLATIONS COMPLAINED OF

40. The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

>    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
>    **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

41.    Contrary to the statements in the affidavit, employees of Trak America are not competent to testify to the facts, do not have personal knowledge of accounts or records of Elite Recovery Services, Inc. or anyone else, and do not know whether all offsets and credits leave a balance due in the amount claimed.

42.    The above statements in Exhibits A and B are false and violate 15 U.S.C. §1692e.

43.    Exhibits A and B do not disclose the fact that the signatory is an employee of Trak America.

44.    By describing the affiant as an "agent" of Elite Recovery Services, Inc., without identification of the company for which the affiant works, Exhibits A and B conceal the identity of the business preparing the document, Trak America, and amount to the use by Trak America of a business, company, or organization name ("Elite Recovery Services, Inc.") other than the true name of the debt collector's business, company, or organization.

45.    By filing Exhibits A and B in its lawsuits, Elite Recovery Services, Inc. participated in the fraudulent practices and violated 15 U.S.C. §1692e.

## CLASS ALLEGATIONS

46.    Plaintiffs bring this action on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibit A or Exhibit B (e) where the affiant was employed by Trak America.

48. Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (b) by Elite Recovery Services, Inc., (c) in which was filed (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by a person who is an employee of a company other than Elite Recovery Services, Inc., (e) stating that the affiant is an "agent" of Elite Recovery Services, Inc., (f) which did not in its text identify the company employing the affiant.

49. Each class is so numerous that joinder of all members is not practicable.

50. On information and belief, there are at least 40 individuals (b) against whom legal proceedings were filed in Illinois, (b) in which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit in the form of Exhibit A or Exhibit B (e) where the affiant was employed by Trak America.

51. On information and belief, there are at least 40 individuals (b) against whom legal proceedings were filed in Illinois, (b) by Elite Recovery Services, Inc., (c) in which was filed (d) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by a person who is an employee of a company other than Elite Recovery Services, Inc., (e) stating that the affiant is an "agent" of Elite Recovery Services, Inc., (f) which did not in its text identify the company employing the affiant.

52. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether <u>Exhibits A and B</u> violate the FDCPA.

53. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

54. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

55. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c. Members of the class are likely to be unaware of their rights;

    d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

                                                <u>s/Daniel A. Edelman</u>
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiffs demand trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21079\Pleading\1st Amended Complaint_Pleading.wpd