IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE MACHALLECK, and JUANITA HERRON, on behalf of plaintiffs and the classes described herein,<br><br>          Plaintiffs,<br><br>vs.<br><br>DATA SEARCH N.Y., INC. d/b/a TRAK AMERICA, LLC and TRAK AMERICA, and ELITE RECOVERY SERVICES, INC.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   08 C 1340<br>)<br>)   Judge Hart<br>)   Magistrate Judge Valdez<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Elite Recovery Services, Inc. ("Elite"), Data Search N.Y., Inc., d/b/a Trak America, LLC and Trak America ("Trak America"). Plaintiffs bring this claim on behalf of two classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

Class A consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois (c) on or after March 5, 2007 and on or before March 25, 2008, (d) in which was filed (e) an affidavit in the form of Exhibit A or Exhibit B (f) where the affiant was employed by Trak America.

Class B consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, (c) by Elite Recovery Services, Inc., (d) on or after March 5, 2007 and on or

1

before March 25, 2008, (d) in which was filed (e) an affidavit executed by a person who is an employee of a company other than Elite Recovery Services, Inc., (f) stating that the affiant is an "agent" of Elite Recovery Services, Inc., (g) which did not in its text identify the company employing the affiant.

Plaintiffs further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs states:

I. **NATURE OF THE CASE**

1. The FDCPA flatly prohibits debt collectors from operating under false names or concealing their company identification. 15 U.S.C. §1692e(14) prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . . "

2. Defendant Trak America systematically violates this requirement when operating the "Trak America legal network". Trak America states (Exhibit C) on its web site (www.trakamerica.com) that it "is a rapidly growing legal network management company" that "has been able to recover millions of dollars previously believed to be unrecoverable for some of the most astute lenders in the world. The company's success is built on a nationwide network of local attorneys combined with a rigorous analytic approach to managing thousands of accounts." Trak America selects the attorneys and treats the processing of claims as "a high volume production operation". Trak America has "over 125 firms nationwide in our network." "Once we've run your portfolio through our model and reviewed the net back projections, our

TRAKAmerica team designs a complete recovery plan based on your requirements. First, we prepare your portfolio for our attorney network . . . ." Trak America then "electronically disburse[s] your files to our network attorneys. They load your files into their systems . . . ."

3. Trak America prepares affidavits for filing in each collection lawsuit, most of which end in default judgments. Exhibit A is an affidavit filed in a collection lawsuit filed against plaintiff Machalleck. Exhibit B is an affidavit filed in a collection lawsuit filed against plaintiff Herron. Both are form affidavits regularly filed in collection actions brought in the name of Elite Recovery Services, Inc. in Illinois. Exhibit D contains another similar affidavit filed in another Illinois collection action.

4. When it prepares the affidavits, Trak America has one of its own employees—Lisa Kieseclar in the case of the collection lawsuit filed against plaintiff Machalleck (Exhibit A) and Terry Kulbaba in the case against plaintiff Herron (Exhibit B)—act as the affiant.

5. The affidavits state that the affiant is the "agent" of the company bringing the lawsuit—Elite—and do not disclose that the affiant is actually employed by Trak America.

6. The affiants also assert that they can testify at trial as to the facts relating to the debt.

7. The affidavit is a communication by Trak America about the debt, in that it conveys information about the debt.

8. By describing the affiant as an "agent" of the company bringing the lawsuit, without identification of the company for which the affiant works, the affidavits conceal the identity of the business preparing the document, Trak America, and appear to come from Elite. This amounts to the use by Trak America of a business, company, or organization

3

name ("Elite Recovery Services") other than the true name of the debt collector's business, company, or organization.

9. In addition, an employee of a third party debt collector such as Trak America obviously cannot authenticate Elite records or testify about transactions between the consumer and Elite. Indeed, it is obvious that the reason they do not disclose that the affiant is an employee of Trak America is that disclosure would lead the reader to question how such testimony could be given. Accordingly, the affidavits violate the general prohibition of false statements in 15 U.S.C. §§ 1692e and 1692e(10).

## II. CLASS CERTIFICATION REQUIREMENTS

10. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

11. It is reasonable to infer that the number of Illinois class members exceeds the 20-40 required for numerosity from the following facts:

   a. The affidavit is a form used in multiple cases in Illinois;

   b. Similar affidavits are used elsewhere;

   c. The affidavits uniformly fail to identify the affiant as an employee of Trak America;

   d. Trak America states on its Web site that it is engaged in the business of operating an "attorney network" and that it "treats legal management as a high volume production operation."

   e. Trak America states on its Web site that it selects and manages the attorneys in the network.

   f. Elite filed at least collection cases in Illinois in 2007. (Exhibit E). (Class A is not limited to Elite, but the list is. Only the beginning and end of the lists have been filed, to avoid unnecessary bulk.)

12. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits A & B violate the FDCPA.

13. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

14. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation. (Exhibit F).

15. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

   c. Members of the class are likely to be unaware of their rights;

   d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

16. In further support of this motion, plaintiffs are submitting a memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order

determining that this action may proceed as a class action.

                Respectfully submitted,

                <u>s/ Michael J. Aschenbrener</u>
                Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)